Schroeder v. Strube.


# ERICA SCHROEDER

*v.*

# LEOPOLD B. STRUBE.

Law, No. 600.

---

# SWIFT & COMPANY

*v.*

# LEOPOLD B. STRUBE.

Law, No. 603.

---

Where a writ of attachment is issued from this court, and levied upon mortgaged real estate of the defendant, thereafter, and while the suit is still pending here, the attachment lien will not be vacated as of course, on the mere motion of the mortgagee, under art. 125 of the mortgage law, even though such mortgagee has had the property "adjudicated" to him in the meantime, under the summary process of the mortgage law, in an insular court. Such summary proceeding is probably not due process of law, and the rights of third parties may not necessarily be shut out. In such case the mortgagee should at least be driven to an affirmative action here to cancel the attachment lien.


Opinion filed April 23, 1910.

*Messrs. Hartzell & Rodriguez* for the motion.

*Mr. Edward S. Paine, contra.*

RODEY, Judge, filed the following opinion:

The matter of the motion of Adolph J. Lachman, praying that the writs of attachment in this cause, levied upon certain properties as in the writs described, be vacated and set aside, comes on to be heard. M. Rodriguez Serra appears for the motion and Edward S. Paine against the same, and it appearing to the court, after hearing said counsel, that the said mover requests the vacating of the writs of attachment on the ground that the property upon which they were levied has, since said date, been adjudicated to him under his prior mortgage, by an insular court, under the summary process provided for by art. 128 and other articles of the mortgage law of Porto Rico, and that therefore all remaining debts and liens should be considered as canceled under the second clause of art. 125 of said mortgage law; but the court, being of opinion that summary process under the mortgage law, by which property mentioned in a mortgage is "adjudicated" to the mortgagee, is probably not due process of law, and that therefore junior liens are not of necessity shut out, or, at least, that the person seeking the canceling of such junior liens should be forced to bring an affirmative action in that behalf, therefore the motion will be, and it hereby is, denied.